IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY MISTER

    v.     :     Civil Action No. DKC 14-0390

JOSEPH SAVIA

**MEMORANDUM OPINION**

Plaintiff Jerry Mister, as a member of Steamfitters Local 602 ("Local 602"), initiated this action against Defendant Joseph Savia in the District Court of Maryland for Calvert County. Mister alleges that his former employer, J.J. Kirlin ("Kirlin"), "breached [his employment] contract section XXIV para[graph] 129," governed by the collective bargaining agreement ("CBA") between Local 602 and the Mechanical Contractors Association of Metropolitan Washington ("MCA"). (ECF No. 2-1, at 4). Mister attaches pages from the CBA, showing that Joseph Savia is a signatory thereof on behalf of Local 602. *Id.*

Mister states that upon termination of his employment, Kirlin deducted eight (8) hours overtime "which shouldn't have been," from his final paycheck. (ECF No. 2-1, at 1). While Kirlin paid the eight hours of overtime due, Mister did not receive his check for five (5) calendar days. Mister asserts

that Kirlin owes him a remedy for the delay, pursuant to the CBA. *Id.* Mister subsequently filed a grievance per the CBA procedures, seeking the equivalent of wages he would have earned for "8 h[ou]rs for every calendar day that," he was "not paid in full." *Id.* Mister appears to allege that a settlement was reached, where his "union leaders said [pay for] 1 day [of work] with withholdings taken out was OK." Mister now disputes this settlement, seeking the entire five (5) day span under section XXIV paragraph 129 of the CBA, which is forty (40) hours pay totaling $1,510.80. *Id.*

Defendant removed this case to this court on February 10, 2014. On February 20, 2014, Defendant filed a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). (ECF No. 9). On the same date, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), a letter was mailed to Plaintiff warning that failure to respond within seventeen (17) days, could result in dismissal of his case without further notice. 528 F.2d 309 (4th Cir. 1975). To date, Plaintiff has yet to file a response; thus, Defendant's motion is unopposed.

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243

(4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as

3

factual allegations, *Iqbal*, 556 U.S. at 679, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Section 301(b) of the Labor Management Relations Act ("LMRA"), provides:

> [a]ny money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

29 U.S.C. § 185. As Defendant correctly asserts, being an individual, he is not a proper party to bring a suit against under section 301(b). *See Jackson v. Kimel*, 992 F.2d 1318, 1325 n.4 (4th Cir. 1993) (quoting *Loss v. Blankenship*, 673 F.2d 942, 946-47 (7th Cir. 1982)) ("The law is well settled that individual

4

employees are not proper parties to a suit brought under § 301.") Thus, Plaintiff's claim must fail, as he does not name a proper organization or entity as the defendant in his complaint. Therefore, Defendant's motion to dismiss for failure to state a claim will be granted. A separate order will follow.

                                                _____/s/_____
                                                DEBORAH K. CHASANOW
                                                United States District Judge